**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISTOPHER P. GARINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1075-PRW |
| | ) | |
| THE BURNHAM LAW FIRM, P.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendant Burnham Law Firm's Motion to Dismiss Plaintiff's Petition (Dkt. 14). The Motion (Dkt. 14) is fully briefed and ripe for decision. For the reasons that follow, the Motion (Dkt. 14) is **DENIED**.

***Background***

This is a legal malpractice claim arising out of Plaintiff's attempt to secure representation in the multidistrict litigation in the Northern District of Florida surrounding faulty combat earplugs the 3M Company provided the U.S. Military.[1] Plaintiff served in the U.S. Marine Corps from 2008 to 2016, when as part of his service in Afghanistan and as a tactical training instructor, the Marine Corps issued him faulty 3M Combat Earplugs. Plaintiff wore the 3M Combat Earplugs in close proximity to small arms fire, artillery, and

[1] *In re 3M Combat Arms Earplug Products Liability Litigation*, Case No. 19-MD-2885 (N.D. Fla.).

firing tanks. Plaintiff alleges he suffers from significant hearing loss and tinnitus due to 3M's faulty earplugs. Because of this, at some point Plaintiff responded to digital marketing materials concerning the MDL from Defendant Burnham Law to discuss his potential eligibility for any ultimate settlement in the case. Plaintiff asserts that he submitted requisite claim forms to Defendant Burnham and completed an online client-attorney representation agreement, thereby establishing an attorney-client relationship with Defendant Burnham, all on unspecified dates. On or about January 4, 2022, a paralegal working for Defendant Burnham emailed Plaintiff and said that Defendant Burnham was working with another law firm, Defendant Nelson, Bryan & Cross, on the 3M MDL.

Plaintiff's primary point of contact at Defendant Burnham was attorney Stephanie Randall, who departed Defendant Burnham at some point to work for Defendant Ascent Legal Group. Plaintiff then chose to bring his business to Defendant Ascent to continue working with Ms. Randall.

By May or June of 2024, Plaintiff reached out to Defendant Ascent to check the status of his claim, but Defendant Ascent informed Plaintiff that the firm had no record of him as a client, and thus it submitted no claim on his behalf. He then contacted Defendants Burnham and Nelson, and he was again told that each firm did not record him as a client and had not submitted a claim on his behalf.

Plaintiff alleges that the MDL's deadline for eligible claimants to submit claims for settlement in the MDL was September 12, 2023, and the deadline for primary counsel for eligible claimants to approve registration to participate in the settlement was December 20,

2023.[2] The MDL's final deadline to participate in the settlement was January 24, 2024.[3] Having missed his opportunity to participate in any settlement, Plaintiff brings this action for malpractice and punitive damages against Defendants, alleging that each defendant firm represented him in the MDL and breached its duty of care.

***Standard of Review***

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[4] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[5] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[6] While factual allegations are taken as true, a court need not accept mere legal conclusions.[7] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[8] In analyzing a 12(b)(6) motion, courts are permitted to consider documents attached to the complaint,

---

[2] Compl. (Dkt. 1, Ex. 1) ¶¶ 30–31 (citation omitted).

[3] *In re 3M*, Case No. 19-MD-2885, 2024 WL 4481058, at *1 (N.D. Fla. Feb. 26, 2024).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[6] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[7] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[8] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

and can review "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

Plaintiffs are not required to set forth a prima facie case in their complaint.[10] Plaintiffs are, however, required to set forth plausible claims, so in determining whether a claim is plausible, the elements of a prima facie case are helpful.[11]

***Analysis***

Plaintiff's Complaint (Dkt. 1, Ex. 1) states a claim for legal malpractice against Defendant Burnham. In order to do so, Plaintiff must allege "(1) the existence of an attorney-client relationship, (2) breach of a lawyer's duty to the client, (3) facts constituting the alleged negligence, (4) a causal nexus between the lawyer's negligence and the resulting injury or damage, and (5) but for the lawyer's conduct, the client would have succeeded in the action."[12]

The parties agree Defendant Burnham represented Plaintiff in the 3M MDL at one time.[13] But Defendant Burnham argues that Plaintiff failed to plead he had an attorney-client relationship with Defendant Burnham at the time of the alleged breaches, September

---

[9] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotation marks omitted) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[10] *Khalik*, 671 F.3d at 1192.

[11] *Id.*; *see Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020); *Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015).

[12] *Pierce v. Gray,* Case No. CIV-25-662-R, 2025 WL 2858024, at *5 (W.D. Okla. Oct. 8, 2025) (citing *Manley v. Brown*, 989 P.2d 448, 452 (Okla. 1999)).

[13] Mot. (Dkt. 14), at 2–3.

12, 2023, and December 20, 2023,[14] since Plaintiff states he followed Ms. Randall to Ascent at some point after she left Burnham. But Plaintiff does allege that the defendant law firms "at all material times . . . represented [Plaintiff] in" the MDL, and he argues that Defendants' failure to submit his claims constituted a breach of duty.[15]

The Court draws the reasonable inference from the four corners of the Complaint (Dkt. 1, Ex. 1) that Plaintiff's attorney-client relationship with Defendant Burnham extended through at least the first date of the alleged breach. He accordingly has set out a prima facie case for legal malpractice against Defendant Burnham.

***Conclusion***

Accordingly, the Court **DENIES** the Motion (Dkt. 14).

**IT IS SO ORDERED** this 12th day of August 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[14] Plaintiff argues there are two possible breach dates, in accordance with Rule 8(d)(2).

[15] Compl. (Dkt. 1, Ex. 1) ¶¶ 33–35.